May it please the Court, my name is Warrington Parker. I represent Appellant Russell Rogers. The District Court was in error in granting summary judgment. The summary judgment was granted solely on the basis that Mr. Rogers had failed to sue M.D. Trott within the statute of limitations. That Court that made the summary judgment decision received this case after it had been handled for almost two years by a previous District Court judge. That District Court judge found that Mr. Rogers properly sued Mr. Trott on November 11, 1994. Not so fast. Absolutely. Judge Armstrong had three actions before her. One commenced in 94, timely, if Mr. Trott were named, and two in 95, untimely, if Mr. Trott were not named, but he was in both the two, the 95 cases. As an administrative matter, to consolidate the claims which repeated the same allegations, she, Judge Armstrong, dismissed the 94-0007 case and consolidated the cases into the 95 cases. Wrong. I apologize, and that's why I made, I can say the argument that I made. What Judge Armstrong did was dismiss the second filed case. You're right. The January 3rd case. Right. The first one that expressly names Mr. Trott. And he kept the November 22nd, not 12th, November 22nd, 94 case. Right. And the third case consolidated. That's correct. And she did that because she found that the third case and the first case were duplicative of the case in between. All right. Now, she took judicial notice of the fact that Trott was named in the first case, and he wasn't. She took judicial notice of, I don't want to interrupt you, so. No, but she took judicial notice. Is that a judicially noticeable fact? She took judicial notice of his name. He's referenced in the first complaint as H.O. which stands for hearing officer. But he was never named. Not by name. No, he was named by his name. There was no Doe. Is there any Doe named? There were no Doe defendants named. But she determined that H.O. was sufficient to make him a party defendant in that first filed case. Correct. And that was reason. Now, that could be right or wrong if reexamined, but that was Judge Armstrong's determination at that time. Even if you reexamine it, it's the correct determination. But we're not here to reexamine it. That's fine. We're here to deal with this appeal. But my question to you is, under what theory of judicial notice can a judge take judicial notice of the fact that the naming of Trott in Actions 2 and 3 was done by naming him as H.O. in Action 1? My belief of judicial notice, quite apart from the fact that normally one must give notice, that one is requesting judicial notice to allow the other side to make arguments against the taking of judicial notice if arguments are allowable and objections are well made. But the fact that it's judicially noticeable is usually that Van Ness runs north and south and Market Street runs generally east and west. Those are facts easily verifiable by going out in the street and taking a look at them. Right? It's not immediately clear to me that the H.O. mentioned by plaintiff in this case must ineluctably be Trott. It is clear from the exhibits that the Court relied on. I believe she identifies it as Exhibit 9 in that order. That – and let me get the page site for that would be ER 70 is the exhibit. It's an exhibit to the third complaint, the one filed on January 5th, where it identifies Trott as the H.O. period. In 1995 it does, but it didn't identify him in 1994. But your – if I was responding to the question, how is it that ineluctably you can get to H.O. being Trott, it is through that mechanism. There is no dispute that the H.O. period Trott who heard the 93092 grievance against Mr. Rogers is Trott. They are the same person. This is not a case where we are shuffling around through various hearing officers to determine who heard the grievance that occurred on 93092. And do you think that a Federal judge without notice, can sua sponte take judicial notice of such a fact? I believe that it's – Is there any authority for that? No, I do not. I wish I did. But I believe that the judge can properly say when you refer to a person by this title, and it is just this person, particularly when there's demonstrable and undisputed evidence submitted that H.O. period in this case refers to Trott, I think it is proper to take the case. But you're referring to the connecting up the H.O. period to Trott, not in anything before the judge in that case, but in the other case. Is that right? Just to clarify this and that, in the 94 case, Mr. Trott is referred to as H.O. period. Yes. In the third of the cases filed, which I identify as 0046, he is – there are exhibits that refer to Mr. Trott as the H.O. period. Okay. So I think we agree with that. Okay. But your basic foundation here is that when Judge Armstrong consolidated cases one and three, she made a – by necessary implication, because she said they were duplicitous, she said that she felt – she held that Trott was a name – was a defendant in case number one. Correct. Okay. Now, my next question to you is, was Trott – is there a return of service in the marshal's office or otherwise of Trott actually being served in that November 22nd, 94 case? No, for this reason. By the time – Mr. Trott was not – I'm sorry. Mr. Rogers was not allowed to serve the complaint until I believe it was 96. Let me just look at my finale. Well, I guess my question is – I'm sorry, until the year 2000. By that time, the November 94 case had been consolidated with the third case. Okay. And everyone was proceeding under the third case number. Now, let me ask you this. Yes, sir. Although Judge Armstrong made that determination that he was a party defendant to the 94 case, the first of the three cases filed, and your position is under the law of the case, that has to be respected, as I understand. Right. I mean, there's a – we play a little legal trick. Under the Ninth Circuit law, it's not clear law of the case is the right standard or there's a cogent reason in theory. But, yes, essentially, you're correct. All right. Now, but if a second judge is reassigned that case, there are – there's good that a successor judge must respect, under law of the case, prior orders entered in the case. But there are exceptions to that respect, given extraordinary circumstances, including that there's been an error made by the prior judge. If there's a finding of clear error. There's got to be a finding – there's got to be an evidentiary hearing and a finding that that is not so. I won't push that there be an evidentiary hearing. But let me tell you why I believe a clear error did occur, or the second judge could not have found clear error. Yeah, but are we – do we have that before us? Certainly. You have it before you because what the second judge – the reason the second judge could find that Mr. Trott was not named in timely fashion – footnote 2 on page 279 of his order, he states that, in fact, the November 94 complaint had been dismissed. And that was simply not true. It had been consolidated, certainly. So in that respect, there is a premise that the – there's a false premise to the summary judgment order. Now, I do know that this – that Mr. Raj – I'm sorry, that Mr. Trott's counsel has argued that there's no relation-back doctrine that occurs. Again, we've – if you accept the premise that Mr. Trott was properly named, that it was proper for the first court, under the liberal standings that apply to a pro per plaintiff, it was proper to judicially notice that H.O. refers to Mr. Trott, then, of course, I believe the relation-back doctrine would apply in Mr. Rogers' favor. Thank you, counsel. Your time has expired. We'll now hear from Mr. Jorgensen for the State. Yes. Good morning, Your Honors. May it please the Court, I'm Mike Jorgensen, Deputy Attorney General with the California Attorney General's Office, appearing on behalf of Deputy Commissioner with the Board of Prison Terms, Mr. Trott, the appellee. This is a case about the statute of limitations. There were three poorly organized and lengthy complaints filed by the plaintiff. Rogers does not dispute on appeal that the statute of limitations for him to file a complaint against Mr. Trott expired on December 16, 1994. The only complaint filed by Rogers within that limitations period is the first complaint, the 4060 action. That's not in dispute. It did not name Trott as a defendant, and the gravamen of the complaint addressed excessive force and prison conditions issues against San Mateo County Jail correctional officers. That has nothing to do with Defendant Trott, a Deputy Commissioner with the Board of Prison Terms who adjudicated plaintiff's parole proceedings. But what do you do with the reference to H dot O dot? Yeah, H dot O dot. Given the hindsight that H dot O dot means hearing officer and calling Mr. Trott hearing officer as opposed to DC or Deputy Commissioner, yeah, but in a prison environment, a hearing officer can be a correctional captain adjudicating a disciplinary violation. And there is no dispute that in the record, there are references to other disciplinary actions. I was just going to inquire. We've heard from Mr. Parker that there's some material, which I don't have in front of me yet, to ER 70, which apparently connects up H dot O dot with Trott, sufficient to identify Trott in that earlier complaint. Is that what's your response? Well, okay, my response is that you would have to use the documents in a late filed complaint to make that connection. And it's clear that Trott was not named in the first filed complaint as a defendant. And the law, the failure to name a proper defendant in a captioned complaint does not require dismissal where allegations in the body of the complaint make it plain that the party is intended as a defendant. Trott was not discussed in the body of that complaint, the first filed complaint, until he appeared in a complaint that was barred by the statute of limitations, the second filed complaint, the seventh complaint. And your honor, he was the only, Mr. Trott was only named in the second complaint. He wasn't named in the first or the second. Is your position that the reference in the exhibit at ER 70 is an exhibit to the third complaint, not to the first complaint? Well, then the court would be allowing the plaintiff to come in with a subsequent filing or a later complaint. And it's demonstrated here, Trott in the second complaint was the only defendant. And the only allegations in that complaint were really just made against Trott, and it was late filed. All right. But the – how do you get around the fact that Judge Armstrong, by necessary implication, found for the case that the second complaint can be dismissed because it's duplicative of the other complaints, and that the first and the third complaint can be consolidated? She held, in effect, that Trott was a named defendant in the first complaint. Now, I'm not saying that was right. I'm not saying it was wrong. But that's what she held. Okay. I have a two-part response to that, your honor. First is, we're looking at Prison Litigation Reform Act screening orders that record – that recognize cognizable claims. They're not rulings on statute of limitations issue. But, you know, so as a threshold matter, Judge Armstrong said in her screening order, the seventh action is dismissed as duplicative. The court will take judicial notice of the name of defendant MV Trott when reviewing the instant claims pending before the court in 4060 and 48, the second and third actions. Right. Another screening order, when discussing the late filed seven action, said as a threshold order matter, the court orders the two cases, 4060 and 48, consolidated. All future filings will bear the case number 48. The court notes that seven was dismissed as duplicative as the sole claim raised in the complaint was a challenge to the parole revocation extension hearing on the ground that plaintiff was denied an inmate witness. It goes on. The court takes judicial notice that Trott was named as the hearing officer in the action. The action that the court is referring to is the seven action. I know, but by necessity. So he's named in the seven action. It's late filed, barred by the statute of limitations. But it's duplicative of the other actions where he's named. Right. She consolidated these actions and dismissed the second action because, in her opinion, he was named in the first action. You can't walk away from it from any other conclusion. Now, I'm not saying she made the right conclusion that just because H.O. was there, he was a named defendant. But she dismissed the second action because it was not necessary to be there where he was definitely named. Now, if that be the fact that, and that's law of the case as I see it, that she held he's a named defendant in the first action, once again, I'm not saying it was right or wrong, don't you have a situation where a second judge under the law of the case doctrine or whatever theory you want to adopt must respect that order unless there's a reconsideration on the record and a determination made for exceptional reasons, such as a higher court has overruled precedent or there's been a mistake made, a clear mistake made, or the other reasons which are exceptional, to set aside that determination, that law of the case determination that was named in the first complaint? Okay. Well, that brings us to the judicial notice issue then. And, Your Honor, the statute of limitations wasn't addressed in the screening orders or when the judicial notice was taken. It wasn't really addressed until the very first appearance that Mr. Trott made where a motion for summer judgment on the grounds of statute of limitations was filed. And when you look at Federal Rule of Evidence 201E regarding judicial notice, it requires a party, upon timely request, an opportunity to be heard, which you already talked about with counsel, regarding the tenor of the matter noticed. The request, however, may be made after the notice has been taken. Judicial notice of the name of Trott at the time of the court's order was improper because he wasn't a party to the case yet. He wasn't served until 2000. And, A. And, B, the request took the form of a later request challenging the judicial notice would take the form of the summary judgment motion on statute of limitations grounds. And on that statute of limitations ruling, the Court found that defendant was not named until the 7 action. But, you see, the problem with that is Judge Jenkins never stated why law, why, why law of the case does not apply and find exceptional circumstances for deviating from law of the case. In other words, I'm not gainsaying anything you've said. I'm not saying that a judge could say that there's no relation. A judge could say that, look, Trott was not named in the first case. H.O. was not sufficient to name, to designate him as a party defendant. And that the fact that the third case named him is not, cannot relate back because he was not named in the first case. Well, but there's no determination made that the holding by Judge Armstrong was incorrect or should be set aside. Right. Well, the effect of that, Your Honor, and I'll just answer that question and submit, is that reversing this case would allow any plaintiff in a prison condition litigation setting to run forward with a screening order recognizing a claim that a prisoner brings and foreclose a defendant's later opportunity to challenge a case on, you know, for example, summary judgment because, you know, a cognizable claim against somebody was recognized in a screening order.  Why would that be? Because if that judge was so fine that Judge Armstrong made a mistake by saying H.O. was sufficient in the first filing complaint to name him as a party defendant, why can't a judge say I've reexamined that, and I find clear and convincingly that that order by Judge Armstrong was incorrect and that he was not a party defendant? Well, the court could have done that, but, you know, that would, you know, there were three pretty lengthy complaints filed in the action. It does get rather confusing, and maybe some of that confusion was created by, you know, overstepping, you know, the discretion that is made when you're construing these pro se complaints. Thank you, counsel. The case just argued will be submitted for decision. We will hear argument in Ramey v. Lewis.
judges: O'scannlain, Cowen, Bea